Lynn S. Walsh, OSB #924955
email: lynn@lynnwalshlaw.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMY CALHOON,<br><br>               Plaintiff,<br><br>   v.<br><br>SHAWN GUERRERO, JEANNA BAUER, ESEQUIEL PALOMO, LINDSAY NOACK, and NICOLE BROWN,<br><br>               Defendants. | NO. 3:23-cv-1900<br><br>COMPLAINT<br>Civil Rights Action (42 U.S.C. § 1983);<br><br>DEMAND FOR JURY TRIAL |

    Plaintiff was forced to use a defective meat slicing machine in the kitchen at her job in the Coffee Creek Correctional Facility (CCCF) kitchen, and slit off a portion of her thumb.  She was then taken to the hospital.   When she was in the hospital room waiting for treatment, the CCCF officer who escorted her to the hospital dropped his pants and required her to engage in a sex act.

Page 1    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§1983 and 12101 et seq., and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

2. Venue is proper within the District of Oregon because all the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is a former Adult in Custody of the Oregon Department of Corrections (ODOC). At all material times, she was lodged at Coffee Creek Correctional Facility (CCCF), a prison operated by ODOC.

4. Shawn Guerrero is a correctional officer at CCCF, and is an employee of ODOC. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

5. Jeanna Bauer is an employee of ODOC and is a food service manager 1. She is sued in her individual capacity. At all times relevant, she was acting under color of state law.

6. Esequiel Palomo is an employee of ODOC and is a food service supervisor 2 at CCCF. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

7. Lindsay Noack was an employee of ODOC and at all relevant times was the Prison Rape Elimination Act (PREA) Captain. She is sued in her individual capacity. At all times relevant, she was acting under color of state law.

8. Nicole Brown is the superintendent of CCCF and is an employee of ODOC. She is sued

Page 2   COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

in her individual capacity.  At all times relevant, she was acting under color of state law.

## FACTUAL ALLEGATIONS

9. In November of 2021, plaintiff started working in the kitchen at CCCF.

10. Her job was to slice meat using a meat slicing machine.  The meat slicer was missing the proper safety guard to protect her fingers.

11. She notified defendant Bauer three times that the meat slicer was missing the safety guard and was dangerous to use.  Ms. Bauer ignored plaintiff's complaints.

12. Upon information and belief, as the supervisor, defendant Palomo knew or should have known that the meat slicer was missing the safety guard and was dangerous to use.

13. On December 16, 2021, Plaintiff inadvertently sliced off the top portion of her thumb while using the dangerous meat slicer.

14. Plaintiff was transported by state car to Meridian Park Hospital by defendant Guerrero.

15. At the time, Coffee Creek had a "Rule of Three" meaning that no officer and Adult in Custody should be alone together.

16. Even though Coffee Creek had a Rule of Three, no other officer went to the hospital with Guerro and plaintiff.

17. While plaintiff was alone in the hospital room with defendant Guerrero, he dropped his pants and required plaintiff to perform oral sex on him.

18. Plaintiff made no report of this incident.

19. The reasons plaintiff did not report the incident were as follows:

    a. Plaintiff knew that the PREA Captain Lindsay Noack was in an improper

Page 3    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

relationship with an Adult in Custody.

    b.       The PREA Captain is the prison's designated person to respond to PREA complaints, and to enforce PREA regulations at the prison.

    c.       Because the PREA Captain was violating the law, plaintiff felt that her PREA complaint would not be heard.

    d.       CCCF has a culture of sexual abuse and retaliation against those who report abuse.

    e.       CCCF also had a policy of housing those who report abuse in segregation ("the hole"), and plaintiff did not want to go to the hole.

    f.       Further, she knew that defendant Guerrero had friends in "the hole" and feared retaliation.

    g.       Lastly, due to the culture at CCCF, Plaintiff feared retaliation from both ODOC employees and prisoners if she reported the abuse, and thus stayed silent.

20.    Upon information and belief, defendant Nicole Brown was acutely aware of the culture of sex abuse and retaliation, yet she failed to take any action to stop the abuse, retaliation and practice of placing PREA complainants in the hole.

21.    Defendant Noack contributed to the culture of sex abuse by violating PREA laws and regulations, thus demonstrating to her subordinates that sex abuse at Coffee Creek goes unpunished.

Page 4    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

## FIRST CLAIM FOR RELIEF

**(Civil Rights 42 USC § 1983 (Eighth Amendment) against Defendants Guerrero, Noack and Brown)**

22. Plaintiff realleges paragraphs 1-21.

23. Defendant Guerrero violated the 8th Amendment prohibition against cruel and unusual punishment as follows:

> In using his position of authority to require plaintiff to perform a sex act while waiting for medical treatment at the hospital.

24. Defendant Noack violated the 8th Amendment prohibition against cruel and unusual punishment by engaging in illegal conduct that she knew or should have known would cause her subordinates to likewise ignore PREA laws and regulations.

25. Defendant Brown violated the 8th Amendment prohibition against cruel and unusual punishment by failing to take any steps to rectify the abuse, retaliation, and segregation of those who make PREA Complaints.

26. As a result of defendants Guerrero, Noack and Brown's violations of Plaintiff's Eighth Amendment rights, Plaintiff was sexually abused. Accordingly, plaintiff is entitled to compensatory and punitive damages against defendants in an amount to be determined at trial for the violations of 42 USC 1983 and for plaintiff's attorney fees and cists pursuant to 42 USC 1988.

## SECOND CLAIM FOR RELIEF

**(Civil Rights 42 USC 1983 (Eighth Amendment) against Defendants Bauer and Palomo)**

27. Plaintiff realleges paragraphs 1-21.

Page 5    COMPLAINT                                    LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

28.     Defendants Bauer and Palomo were deliberately indifferent to a serious risk of harm to plaintiff by requiring her to use a meat slicer with no safety guard, thus subjecting her to cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

29.     As a result of defendants Bauer and Palomo's violations of Plaintiff's Eighth Amendment rights, Plaintiff sliced off the top of her thumb.  Accordingly, plaintiff is entitled to compensatory and punitive damages against defendants in an amount to be determined at trial for the violations of 42 USC 1983 and for plaintiff's attorney fees and cists pursuant to 42 USC 1988.

WHEREFORE, plaintiff prays for relief as follows:

a.  For judgment in favor of plaintiff against defendants for her compensatory and punitive damages;

b.  For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

c.  For such other and further relief as may appear just and appropriate.

DATED:  December 15, 2023.

    /s/ Lynn S. Walsh
Lynn S. Walsh, OSB #92495
(503)790-2772
Attorney for plaintiff

Page 6        COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com